**JOHNSON FISTEL, LLP**
Frank J. Johnson (SBN 174882)
FrankJ@johnsonfistel.com
Brett M. Middleton (SBN 199427)
BrettM@johnsonfistel.com
John J. O'Brien (SBN 253392)
JohnO@johnsonfistel.com
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856

*Counsel for Plaintiff Alison Sherman*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ANDRE KLEIN, derivatively on behalf of ORACLE CORPORATION and ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAWRENCE J. ELLISON, SAFRA A. CATZ, JEFFREY O. HENLEY, JEFFREY S. BERG, MICHAEL J. BOSKIN, BRUCE R. CHIZEN, GEORGE H. CONRADES, RONA A. FAIRHEAD, RENÉE J. JAMES, CHARLES (WICK) MOORMAN IV, LEON E. PANETTA, WILLIAM G. PARRETT, NAOMI O. SELIGMAN, and VISHAL SIKKA, and DOES 1-30, <br><br> Defendants, <br><br> -and- <br><br> ORACLE CORPORATION, a Delaware corporation, and ORACLE AMERICA, INC. a Delaware corporation, <br><br> Nominal Defendants. <br><br> This Document Relates To: All Actions | Case No. 3:20-cv-04439-JSC <br><br> **PLAINTIFF ALISON SHERMAN'S OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** <br><br> The Honorable Jacqueline Scott Corley |

Pursuant to Civil Local Rule 3-12 ("Rule 3-12"), subsection (e), Plaintiff Alison Sherman ("Sherman") opposes Plaintiffs R. Andre Klein and Kathleen Dinsmore's Administrative Motion to Consider Whether the Cases Should be Related ("the Motion").

## I. INTRODUCTION

Sherman's action and the actions brought by Plaintiffs R. Andre Klein and Kathleen Dinsmore ("Klein and Dinsmore") are derivative in that they seek to remedy breaches of fiduciary duties and other misconduct by the Oracle Corporation board of directors (the "Board") on behalf of Oracle Corporation and Oracle America, Inc. ("Oracle") related to potential employment discrimination. That is where the meaningful similarities end. While Klein and Dinsmore point to some similarities between the complaints, a closer examination of the allegations and remedies sought evidences significant contrasts. While there may be some similar parties, the theories of liability, remedies sought, discovery taken, and the defenses raised will all be very different.

Unlike Klein and Dinsmore, Sherman followed the Court-favored procedure of first obtaining documents pursuant to a shareholder "books and records" demand. *See King v. Verifone Holdings, Inc.*, 12 A.3d 1140, 1147 n.36 (Del. 2011) ("As the Delaware Supreme Court has repeatedly exhorted, shareholder plaintiffs should use the 'tools at hand,' most prominently § 220 books and records actions, to obtain information necessary to sue derivatively."). So, Sherman's allegations against the Board are factually supported by evidence and narrowly tailored to specifically remedy the Board's opposition to the shareholder proposal for a pay equity report.

Moreover, unlike Sherman, Klein and Dinsmore align their allegations with the current yet controversial social justice movement raging across America, allege intentional discrimination, and ask this Court to legislate their desired changes within Oracle (*e.g.,* remove white directors and replace them with black directors and force the defendants to donate their compensation to minority focused charities). Their efforts are drastically different than what Sherman seeks in her more traditional derivative complaint.

The Court should not relate these cases under Rule 3-12, as there are substantial differences in the underlying transactions and events, and—given the differing allegations and remedies sought in these complaints—keeping them separate will not result in undue burden or conflicting rulings.

## II.     RELEVANT BACKGROUND

### A.    Klein and Dinsmore's Counsel Are Using the Courts for a Social Justice Agenda

On the heels of our country's recent civil unrest and riots destroying businesses and communities throughout the country, there have been a wave of new filings by Klein and Dinsmore's counsel.  They have embarked upon a campaign to ask courts to impose this social justice agenda on boardrooms in public companies across America.  Specifically, Klein and Dinsmore's counsel recently initiated a wave of nearly identical derivative lawsuits (with more likely forthcoming) against several of the country's largest public technology companies, including, Facebook, Qualcomm (two (2) cases), NortonLifeLock, and subject defendant Oracle (two (2) cases).[1]

Defendants will likely argue that each of these lawsuits recently filed by Klein and Dinsmore's counsel are improper because they are principally aimed at asking a court to legislate changes in the board of director composition based upon the color of one's skin.  As grounds for these changes, the derivative complaints allege there are no minorities on the boards of directors or in top executive ranks.  Moreover, the complaints seek nearly identical relief: (i) replace white board members; (ii) require charitable donations, diversity reports, diversity funds, and board training; (iii) fire the auditor; and (iv) re-write employee agreements.  While this Court may find these remedies appropriate and within its jurisdiction, defendants will no doubt argue theses remedies are more appropriate for the legislature.  *See, e.g.*, 42 U.S.C. § 2000e, *et seq*. (prohibiting employment discrimination based on race, color, religion, sex, and national origin); and Cal. Corp. Code § 301.3 (requiring publicly held corporations in California have a minimum of one (1) female director).  The Sherman complaint will not have any such defense as it is not seeking legislative reform.

Moreover, while every one of the foregoing corporations Klein and Dinsmore's counsel has

---

[1] Within a recent four-week span, their counsel filed at least four (4) other derivative cases asking courts to fire white directors and replace them with black and/or other minority directors: (i) July 2, 2020 [the same day the Klein action commenced], *Ocegueda v. Zuckerberg, et al.*, Case No. 3:20-cv-04444 (N.D. Cal.) (Facebook); (ii) July 17, 2020, *Kiger v. Mollenkopf, et al.*, Case No. 3:20-cv-01355 (S.D. Cal.) (Qualcomm); (iii) July 23, 2020 [six days after the *Kiger* action], *Nelson v. Mollenkopf, et al.*, Case No.3:20-cv-01417 (S.D. Cal.) (Qualcomm); and (iv) August 5, 2020, *Esa v. Pillete, et al.*, Case No. 5:20-cv-05410 (N.D. Cal) (NortonLifeLock).  Like here, in the Qualcomm actions, counsel immediately obtained a consolidation stipulation appointing them lead counsel over their own two (2) cases.

sued, including Oracle, is incorporated in Delaware, not one of the derivative lawsuits followed guidance by the Delaware courts to pursue books and records pursuant to Title 8, § 220 of Delaware General Corporation Law ("§ 220") prior to filing derivative cases.  *See King*, *supra*, at 1147 n.36.  Each of these cases will have defenses that are inapplicable to Sherman's complaint.

### B.     Klein and Dinsmore's Derivative Actions Against Oracle's Board

On July 2, 2020, Klein and Dinsmore's counsel filed a derivative action for Plaintiff R. Andre Klein on behalf of Oracle; and, only 8 days later, on July 10, 2020, counsel filed a nearly identical derivative action for Plaintiff Kathleen Dinsmore, *Dinsmore v. Oracle* (together, "the Klein and Dinsmore Actions").  On July 21, 2020, counsel filed a stipulation to consolidate and appoint themselves as lead counsel not only for their own actions but also for all subsequently filed "related cases."  *Klein v. Ellison, et al.*, Dck. No. 8 ¶ 4.  Counsel files this motion in an attempt to bring Sherman's case under the same stipulated order, making them lead counsel over Sherman's very different derivative case filed under seal with allegations they are not even permitted to view.

The Klein and Dinsmore Actions are replete with very different allegations of willful employment discrimination and demands to alter the racial composition of Oracle's board and employees.  For example, they allege the defendants: (i) knew the board was "all white" and Oracle lacked diversity; (ii) covered up employment discrimination; (iii) refused to nominate black persons and minorities to the Board; (iv) misrepresented to shareholders the Board was qualified; (v) covered up a refusal to diversify the board; (vi) opposed term limits to prevent black persons and other minorities on the Board; and (vi) allowed Oracle's auditor, Ernst & Young, to overlook systemic discrimination.  *See, e.g.*, Klein Compl. ¶¶ 52, 58, 72, 89, 94, 141.

The Klein and Dinsmore Actions seek a wide array of very different remedies which ask the Court to make orders based upon the color of one's skin, including shareholder proposals for: (i) replacing white directors with black directors and another minority; (ii) replacing the chairman; (iii) requiring the board donate compensation to charities; (iv) requiring the publication of a diversity report; (v) creating a $700 million dollar fund for the hiring and advancement of black persons and other minorities; (vi) requiring annual board discrimination training; (vii) setting affirmative action goals; (vii) replacing Ernst & Young as auditor; and (viii) eliminating non-disclosure and arbitration

3

agreements in Oracle's employee agreements. Id. at § XI ("Prayer for Relief"). Defendants will likely argue that many of these remedies are improper and better presented to Congress.

Finally, the Klein and Dinsmore Actions allege the board of directors breached its fiduciary duty in allowing defendant Lawrence Ellison to push the company into a frivolous lawsuit against Hewlett Packard, which resulted in a $3 billion dollar judgment against Oracle. *Id*. at ¶ 19, 219-220. None of the above allegations or remedies are part of Sherman's complaint.

### C. Sherman's Action Is Narrow and Evidenced with § 220 Documents

On July 30, 2020, Sherman filed her action on behalf of nominal defendant Oracle against the Board for breach of fiduciary duties. *Sherman v. Ellison, et al.*, Case No. 4:20-cv-05255 (N.D. Cal). In contrast to the Klein and Dinsmore Actions, Sherman followed Delaware Chancery guidance and sent a shareholder books and records demand pursuant to § 220. Following—and supported by—the § 220 documents, Sherman filed a very narrow derivative action under seal,[2] alleging the board of directors knew or should have known that their opposition to the shareholder pay equity report was misleading. Sherman Compl. ¶¶ 3, 56-80. Defendants cannot argue that the Sherman action is asking the Court to legislate from the bench and order Oracle to fire white directors and hire black directors. Sherman seeks no such relief. Rather, with the benefit of having obtained internal documents, Sherman seeks several forms of narrowly-tailored injunctive relief, including, without limitation, Court orders for appropriate corrective disclosures with respect to the 2019 Proxy Statement and preventing a misleading 2020 proxy statement. *Id*. at § XIV ("Prayer for Relief"). Klein and Dinsmore do not seek such remedies.

### III. ARGUMENT

While the complaints may appear related at first glance, significant differences dictate they remain separate under Rule 3-12.

*First*, the transactions and events substantially differ. Pursuant to Rule 3-12(a)(1), while there are admittedly similar *parties*, the *transactions and events* alleged are substantially different. The

---

[2] Sherman filed a motion to seal her complaint, currently pending, as Oracle produced the § 220 documents pursuant to a non-disclosure agreement. The basis for Sherman's allegations, including why the § 220 documents support them, remains under seal. *See* Sherman Compl. at ¶¶ 14-26, 57-63, 66-68, 74, 75, and 77. *Sherman v. Ellison, et al,* at Dkt. 3.

Klein and Dinsmore Actions allege the Oracle board covered up employment discrimination, refused to nominate minorities to the board, and opposed term limits. Further distancing themselves from the Sherman complaint, Klein and Dinsmore seek to litigate Oracle's retention of Ernst & Young. Finally, Klein and Dinsmore invoke a separate lawsuit, Oracle's lawsuit with Hewlett Packard.

*Second*, the risk of undue burden or conflicting rulings is minimal. The theories of liability, the remedies, and the defenses are all different. Litigating the Klein and Dinsmore Actions apart from Sherman's will involve different motions, party and third-party discovery, and defenses. Trial will involve different documents, witnesses, and jury instructions. While some similarities exist, there will not be an unduly burdensome duplication of labor and expense in maintaining separation given the differences at every stage of the litigation. Rule 3-12(a)(2).

*Third*, judicial economy will not be served by granting the Motion. The Sherman action is a laser-focused case to remedy the Board's opposition to the pay equity report proposal while Klein and Dinsmore seek to fundamentally change Oracle to align it with their controversial social justice agenda. Relating such cases will not promote judicial efficiency; rather, combining the cases will complicate their administration—especially as Sherman's complaint is the only complaint sealed and Klein and Dinsmore's counsel are not permitted to even view the § 220 documents.[3]

*Finally*, the Court should not reward the circumvention of § 220. While Klein filed first, that is not a Rule 3-12 consideration and their rush to the courthouse is not a reason to appoint lead counsel. "The premature filing of a derivative action is motivated by a rush to the courthouse to position the plaintiff to be named lead plaintiff . . . . Being the first to file does not automatically confer lead-plaintiff status." *King*, *supra*, at 1151 (internal quotes and citations omitted).

## IV.     **CONCLUSION**

For the foregoing reasons, the Court should deny the motion.

---

[3] Klein and Dinsmore do not apply Rule 3-12(a)(2), but summarily conclude an undue burden and conflicting results. A party seeking to relate cases has the burden. *ESS Tech., Inc. v. PC-Tel, Inc.*, No. C-01-1300 VRW, 2001 WL 1891713, at *3 (N.D. Cal. Nov. 28, 2001); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905 RMW, 2008 WL 3916304, at *1 (N.D. Cal. Aug. 24, 2008) (denying motion for, among other things, failure to address subsection (a)(2)).

| | |
|---|---|
| Dated: August 21, 2020 | **JOHNSON FISTEL, LLP**<br><br> /s/ *Brett M. Middleton*<br>BRETT M. MIDDLETON<br><br>FRANK J. JOHNSON<br>JOHN J. O'BRIEN<br>655 West Broadway, Suite 1400<br>San Diego, CA 92101<br>Telephone: (619) 230-0063<br>Facsimile: (619) 255-1856<br>FrankJ@johnsonfistel.com<br>BrettM@johnsonfistel.com<br>JohnO@johnsonfistel.com<br><br>*Counsel for Plaintiff Alison Sherman* |

PLAINTIFF ALISON SHERMAN'S OPPOSITION TO ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED