1    JORDAN ETH (CA SBN 121617)
      JEth@mofo.com
2    PHILIP T. BESIROF (CA SBN 185053)
      PBesirof@mofo.com
3    CHRISTIN J. HILL (CA SBN 247522)
      CHill@mofo.com
4    MORRISON & FOERSTER LLP
      425 Market Street
5    San Francisco, California  94105-2482
      Telephone: 415.268.7000
6    Facsimile: 415.268.7522
      *Counsel for Defendants Lawrence J. Ellison, Safra A. Catz,*
7    *Jeffrey O. Henley, Jeffrey S. Berg, Michael J. Boskin, Bruce R.*
      *Chizen, George H. Conrades, Rona A. Fairhead, Renée J.*
8    *James, Charles (Wick) Moorman IV, Leon E. Panetta, William*
      *G. Parrett, Naomi O. Seligman, and Vishal Sikka*
9
      KAREN G. JOHNSON-MCKEWAN (CA SBN 121570)
10   kjohnson-mckewan@orrick.com
      WARRINGTON S. PARKER III (CA SBN 148003)
11   wparker@orrick.com
      KENNETH P. HERZINGER (CA SBN 209866)
12   kherzinger@orrick.com
      ALEXANDER K. TALARIDES (CA SBN 268068)
13   atalarides@orrick.com
      ORRICK, HERRINGTON & SUTCLIFFE LLP
14   405 Howard St.
      San Francisco, California  94105
15   Telephone:  415.773.5700
      Facsimile:  415.773.5759
16   *Counsel for Nominal Defendants Oracle Corporation and*
      *Oracle America, Inc.*

17

UNITED STATES DISTRICT COURT

18

NORTHERN DISTRICT OF CALIFORNIA

19

SAN FRANCISCO DIVISION

20

21   R. ANDRE KLEIN, et al.,            Lead Case No. 3:20-cv-04439-JSC

22          Plaintiffs,

23      v.                      **DEFENDANTS' STATEMENT IN RESPONSE TO THE COURT'S ORDER REQUESTING DEFENDANTS TO RESPOND TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (DKT. NO. 23)**

24   LAWRENCE J. ELLISON, et al.,

25          Defendants.

26                          (Civil L.R. 3-12)

27                          The Honorable Jacqueline Scott Corley

28

1     On August 17, 2020, Plaintiffs R. Andre Klein and Kathleen Dinsmore filed an

2  Administrative Motion to Consider Whether Cases Should Be Related (Dkt. No. 20,[1] the

3  "Motion"), which sought to relate the recently filed derivative action, *Sherman v. Ellison*, Case

4  No. 20-cv-05255-DMR (the "*Sherman* Action"), to the earlier-filed derivative action, *Klein v.*

5  *Ellison*, Case No. 20-cv-4439-JSC (the "*Klein* Action").  On August 21, 2020, Plaintiff Alison

6  Sherman filed an Opposition (Dkt. No. 21, the "Opposition") to the Motion.  On September 3,

7  2020, the Court issued an Order Requesting Defendants to Respond to Plaintiffs' Administrative

8  Motion to Consider Whether Cases Should Be Related.  (Dkt. No. 23.)

9     Defendants Lawrence J. Ellison, Safra A. Catz, Jeffrey O. Henley, Jeffrey S. Berg,

10  Michael J. Boskin, Bruce R. Chizen, George H. Conrades, Rona A. Fairhead, Renée J. James,

11  Charles (Wick) Moorman IV, Leon E. Panetta, William G. Parrett, Naomi O. Seligman, and

12  Vishal Sikka (the "Director Defendants"), and Nominal Defendants Oracle Corporation and

13  Oracle America, Inc. (together "Oracle") submit this statement in response to the Court's request.

14  **I.     INTRODUCTION**

15     In these shareholder derivative actions, both the *Klein* and *Sherman* plaintiffs

16  ("Plaintiffs") seek to invoke this Court's equitable power to appoint them as representatives of

17  Oracle responsible for conducting litigation on its behalf.  In bringing these derivative actions,

18  Plaintiffs do not seek relief for personal harms.  Instead, they both purport to act in the best

19  interest of Oracle and seek relief on the Company's behalf.

20     The *Klein* and *Sherman* actions are related under Local Rule 3-12(a) because (1) they

21  "concern substantially the same parties, property, transaction or event," and (2) "there will be an

22  unduly burdensome duplication of labor and expense or conflicting results if the cases are

23  conducted before different Judges."  L.R. 3-12(a).  Both actions concern the same parties and the

24  same events.  Both actions are purportedly brought on behalf of Oracle against members of

25  Oracle's Board of Directors, alleging breaches of fiduciary duty and purportedly misleading

26

27     [1] Unless otherwise noted, "Dkt. No." refers to documents filed in *Klein v. Ellison*, Case
No. 20-cv-4439-JSC.

28

1    proxy statements concerning Oracle's commitment to diversity and the merits of a shareholder

2    proposal regarding a pay equity report.  The core legal and factual allegations in the *Sherman*

3    *Action*—including all of the alleged misstatements—are duplicative of allegations in the *Klein*

4    *Action*.  Both actions also seek substantially the same relief:  a judicial finding that Plaintiffs'

5    failure to bring a pre-suit demand on Oracle's Board is excused; implementation of corporate

6    governance changes, including a shareholder vote that would allow for publication of a pay equity

7    report; and monetary damages to be paid by the Director Defendants to Oracle for the Director

8    Defendants' alleged breach of fiduciary duties.  It is not in Oracle's best interest for substantively

9    identical derivative actions to be litigated simultaneously before multiple judges, with multiple

10   complaints, and with potentially inconsistent results.

11       For these reasons, and in the interest of judicial efficiency and to avoid the risk of

12   inconsistent judgments, these shareholder derivative actions should be related pursuant to Local

13   Rule 3-12.

14   **II.    RELEVANT BACKGROUND**

15       **A.    The *Klein* Action**

16       On July 2, 2020, Plaintiff Andre Klein filed a derivative action on behalf of nominal

17   defendant Oracle against all fourteen members of Oracle's Board of Directors.  (Dkt. No. 1.)  On

18   July 10, 2020, a second putative derivative plaintiff, Kathleen Dinsmore, filed a virtually identical

19   complaint in this Court.  (Case No. 4:20-cv-04602-KAW, Dkt. No. 1.)  The law firms of Bottini

20   & Bottini, Inc. ("Bottini") and Renne Public Law Group ("Renne") are counsel for the plaintiff in

21   both cases.  On July 21, 2020, the parties filed a Stipulation and [Proposed] Order Consolidating

22   Related Actions and Request for Appointment of Lead Counsel for Plaintiffs.  (Dkt. No. 7.)  The

23   Stipulation requested the consolidation of all subsequently filed related cases under the *Klein*

24   case, and the appointment of Bottini and Renne as Lead Counsel for Plaintiffs in the Consolidated

25   Action.  (*See id*. at ¶¶ 4-6.)  Defendants took no position on the appointment of Lead Counsel.

26   (*Id*. at ¶ 6.)  On July 22, 2020, the Court granted the Stipulation, ordered consolidation of all

27   related cases, and appointed Bottini and Renne as Lead Counsel.  (Dkt. No. 8.)

28       Plaintiffs Klein and Dinsmore (together the "*Klein* Plaintiffs") filed the operative

1   Consolidated Shareholder Derivative Complaint (the "*Klein* Complaint") on August 21, 2020.

2   (Dkt. No. 21.)  The *Klein* Complaint concedes that the *Klein* Plaintiffs did not make a demand on

3   Oracle's Board to initiate the action, and alleges that demand would be futile because (1) the

4   Officer Defendants (Ellison, Catz, and Henley) face a substantial likelihood of liability and (2) at

5   least four of the other directors are not independent of Mr. Ellison.  (*See Klein* Complaint ¶¶ 225,

6   227, 231-246.)

7       The *Klein* Complaint broadly alleges that the Director Defendants misled shareholders

8   about the Company's commitment to diversity.  In making these allegations, the *Klein* Complaint

9   relies heavily on unproven allegations made in two pending lawsuits:  (1) a suit by the

10  Department of Labor ("DOL") alleging Oracle engaged in pay and hiring discrimination against

11  women and minorities; and (2) a class action lawsuit filed in San Mateo County Superior Court

12  alleging that Oracle paid women less than men.  (*See Klein* Complaint ¶¶ 8, 78-87, 94-95.)  The

13  *Klein* Complaint also cites a November 22, 2019 letter sent by a group of U.S. lawmakers to

14  Oracle regarding the racial diversity of its Board of Directors.  (*Klein* Complaint ¶¶ 8, 74-76, 94.)

15      The *Klein* Plaintiffs allege that a series of statements made in Oracle's 2018 and 2019

16  Proxy Statements were false and misleading.  These statements concern the Board's

17  "commitment" to diversity, including statements opposing shareholder proposals seeking the

18  publication of a "pay equity report."  For example:

19  - "***[W]e are committed to ensuring that we do not discriminate on the basis of gender in our compensation programs, and we are further committed to diversity and inclusion in our workforce.***"  (*Klein* Complaint ¶ 123 (emphasis in original).)

21  - "***We believe a diverse workforce enables us to better anticipate and meet our customers' changing needs in a fast-paced global economy and deliver greater value to our stockholders.***"  (*Id.*)

23  - "***Diversity and inclusion in our workforce starts at the top.***"  (*Id.*)

24  - "***In addition to fostering diversity and inclusion at Oracle, we support efforts to build a future pipeline of diverse talent in the technology industry globally.***"  (*Id.*)

26      The *Klein* Complaint asserts five "causes of action":  (1) a common law breach of

27  fiduciary duty claim, against all of the Director Defendants (*Id.* ¶¶ 289-292); (2) a common law

28  ///

aiding and abetting breach of fiduciary duty claim, against all Director Defendants (*Id.* ¶¶ 293-297); (3) a common law abuse of control claim, against Defendants Ellison and Catz (*Id.* ¶¶ 298-302); (4) a common law claim for unjust enrichment, against all Director Defendants (*Id.* ¶¶ 303-307); and (5) a claim for violations of Section 14(a) of the Exchange Act based on Oracle's 2018 and 2019 Proxies, against all Director Defendants.  (*Id.* ¶¶ 308-314.)

  The *Klein* Plaintiffs seek monetary damages for their state law claims, as well as corporate governance changes, including a shareholder vote on proposals that would require the resignation of three current directors, to be replaced with "two Black persons and one other minority"; replacing Mr. Ellison as Chairman; publication of an annual Pay Equity Report; creation of a $700 million fund to hire Black and minority employees; and replacement of Ernst & Young as Oracle's auditor.  (*See Klein* Complaint pp. 110-113.)

  **B.**  **The *Sherman* Action**

  On July 30, 2020, Plaintiff Alison Sherman filed a derivative action on behalf of nominal defendant Oracle against the same fourteen members of Oracle's Board of Directors that are named in the *Klein* Action.  (*See Sherman* Dkt. No. 1, the "*Sherman* Complaint".)  Like the *Klein* Complaint, the *Sherman* Complaint admits that the Plaintiff did not make a pre-suit demand on the Board, and alleges that demand would be futile because the Director Defendants face a substantial likelihood of liability and because a majority of the Board is not independent of Mr. Ellison.  (*Sherman* Complaint ¶¶ 99, 109-122.)

  Like the *Klein* Complaint, the *Sherman* Complaint alleges that the Director Defendants misled shareholders about the Company's commitment to diversity, and specifically that the Director Defendants made misleading statements in Oracle's 2019 Proxy Statement when opposing the shareholder proposal seeking publication of a pay equity report.  All of the challenged statements in the *Sherman* Action, which include the four statements excerpted above, are challenged in the *Klein* Action.[2]  (*See id.* ¶ 71.)

---

[2] The *Klein* Complaint challenges statements in Oracle's 2018 and 2019 Proxy Statements.  The *Sherman* Complaint only challenges statements in Oracle's 2019 Proxy Statement.

Like the *Klein* Complaint, the *Sherman* Complaint relies heavily on unproven allegations from the DOL litigation and the San Mateo County Superior Court class action alleging employment discrimination.  (*Id.* ¶¶ 33-41.)  And like the *Klein* Complaint, the *Sherman* Complaint cites the November 22, 2019 letter sent by a group of U.S. lawmakers to Oracle regarding the racial diversity of its Board of Directors.  (*Id.* ¶ 42.)

Based on these allegations, as well as materials obtained through a "books and records" demand made pursuant to Section 220 of Delaware General Corporation Law, the *Sherman* Complaint asserts four "claims for relief":  (1) a common law breach of fiduciary duty claim, against all of the Director Defendants (*Id.* ¶¶ 155-164); (2) a common law claim for waste of corporate assets, against all Director Defendants (*Id.* ¶¶ 165-168); (3) a common law claim for unjust enrichment, against all Director Defendants (*Id.* ¶¶ 169-172); and (4) a claim for violations of Section 14(a) of the Exchange Act based on Oracle's 2019 Proxy Statement, against all Director Defendants.  (*Id.*  ¶¶ 173-183.)

Like the *Klein* Complaint, the *Sherman* Complaint seeks monetary damages, as well as corporate governance changes, including a shareholder vote concerning a pay equity report. (*Sherman* Complaint pp. 41-42.)

## III.    ARGUMENT

### A.    Both Derivative Actions Concern Substantially the Same Parties and Events.

The *Sherman* and *Klein* Actions are "related" because they involve substantially the same parties and same events, and seek substantially similar remedies.  Accordingly, the actions meet the standard for relation set out in Local Rule 3-12(a).

The *Sherman* and *Klein* Actions involve the same parties.  Both complaints name as defendants the same fourteen individual defendants.  Both actions are brought by purported Oracle stockholders who seek to bring the litigation on Oracle's behalf.  Thus, "even though both actions involve different representative plaintiffs, because they are derivative suits, they both have the same real party in interest [the corporation]."  *In re CytRx Corp. Stockholder Deriv. Litig.*, 14-CV6414-GHK (PJWx), 2015 WL 12745084, at *4 (C.D. Cal. Jan. 8, 2015) (citing *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004)).

1    Both actions are based on substantially the same factual allegations.  Both actions allege

2    that the Director Defendants violated federal securities law and breached their fiduciary duties by

3    affirming a commitment to diversity in Oracle's 2019 Proxy Statement.  Both actions draw from

4    the DOL litigation, the San Mateo County Superior Court class action, and the Congressional

5    letter in asserting that the Director Defendants misrepresented the Company's commitment to

6    diversity.  Moreover, all of the alleged misstatements in the *Sherman* Action are challenged in the

7    *Klein* Action.  The substantial overlap between the actions warrants relating the two actions.

8    *See Berkowitz v. Fodor*, No. 06-CV-05353 JW, 2006 WL 3365587, at *1 (N.D. Cal. Nov. 20,

9    2006) (consolidating two related derivative actions where "[t]he core issue of both cases [was]

10   whether executives at [the company] breached their fiduciary duties"); *Zakinov v. Ripple Labs,*

11   *Inc.*, No. 18-CV-06753-PJH, 2020 WL 2768966, at *3 (N.D. Cal. May 28, 2020) (relating two

12   securities class actions where their claims rested "upon the exact same purported misstatements

13   by defendants").

14   Plaintiff Sherman concedes that the actions "appear related at first glance" (Opp. at 4), but

15   argues that the two actions are not related because the *Klein* Action arises from the "social justice

16   movement raging across America," and "ask[s] this Court to legislate, their desired changes

17   within Oracle (e.g. remove white directors and replace them with black directors)."  (Opp. at 1.)

18   Plaintiff Sherman's argument ignores that the two actions seek substantially similar relief.  Like

19   the *Klein* Action, the *Sherman* Action seeks to "legislate" corporate governance changes through

20   derivative litigation, including by demanding a shareholder vote that would allow for publication

21   of a pay equity report.  Both actions also seek monetary damages against the Director Defendants,

22   and in favor of Oracle, for the Directors' alleged breach of fiduciary duties.  These similarities

23   strongly support relating the cases. *See Pepper v. Apple Inc.*, No. 11-CV-06714-YGR, 2019 WL

24   4783951, at *2 (N.D. Cal. Aug. 22, 2019) ("[T]he fact that both sets of plaintiffs seek injunctive

25   relief presents a sufficient risk of inconsistent results to warrant relation.").

26   In any event, there is no requirement—and Plaintiff Sherman cites no authority holding—

27   that related actions must present identical theories.  Rather, cases are related under Local Rule 3-

28   12 where they "concern substantially the same parties, property, transaction or event."  Here, the

1   actions involve the same real parties in interest, and the core allegations of both actions are

2   substantially the same—that the Director Defendants falsely represented a commitment to

3   diversity.  These commonalities satisfy the requirements of Local Rule 3-12.  *See Panjwani v.*

4   *MobileIron, Inc.*, No. 15-CV-01984-SC, 2015 WL 5785543, at *2 (N.D. Cal. Oct. 5, 2015)

5   (relating cases with differences in the parties, legal bases for the claims, and timeframes because

6   the "core of the[] claims" was the same and "information related to one (set of) case(s) would be

7   of interest and [is] likely to be implicated in discovery with respect to the other case(s)").  Finally,

8   Plaintiff Sherman argues that the fact that she sent a shareholder books and records demand

9   before filing her complaint supports a finding that the cases are not related.  (Opp. at 4.)  But this

10   has nothing to do with whether the cases are related.  That Plaintiff Sherman employed a

11   procedure for obtaining documents before filing suit is irrelevant to whether the cases are related

12   under Local Rule 3-12.

13        **B.      Relating the Actions Will Avoid Duplication and Waste of Judicial Resources.**

14        Simultaneous litigation of duplicative derivative actions before two judges would make no

15   sense.  It would lead to unduly burdensome duplication of party and judicial labor and expense

16   and create the unseemly risk of conflicting results if the cases were conducted before different

17   judges.  Each case presents the threshold issue of whether the Plaintiffs lack standing to proceed

18   with a derivative action where they did not make a pre-suit demand on Oracle's Board.  In each

19   case, the court will evaluate whether a majority of the Director Defendants face a substantial

20   likelihood of liability for identical alleged misstatements in Oracle's Proxy and whether the Board

21   is "beholden" to Mr. Ellison.  Were these issues to be decided by different judges, there is a

22   substantial risk of conflicting results.  *See In re Facebook Privacy Litig.*, No. C 10-02389-JW,

23   2010 WL 5387616, at *1 (N.D. Cal. Dec. 21, 2010) ("In light of the substantial similarity of

24   parties, events and causes of action, the Court finds that there is a risk of 'an unduly burdensome

25   duplication of labor and expense or conflicting results if the cases are conducted before different

26   judges.'").  Relating the cases will also facilitate case management, as the same parties and legal

27   teams will be dealing with substantially the same issues.

28   ///

**C.      Relating the Actions Is in Oracle's Best Interest.**

Oracle—not Plaintiff Klein or Plaintiff Sherman—is the real party in interest in these actions.  It is not in Oracle's interest for substantively identical derivative actions to be litigated simultaneously before multiple judges, with multiple complaints, and with potentially inconsistent results.  *See, e.g., Sabbag v. Cinnamon*, No. 5:10-CV-02735-JF (HRL), 2010 WL 8470477, at *8 (N.D. Cal. Dec. 10, 2010) ("Proceeding with two separate derivative actions, each seeking to remedy the same wrongs, serves only to injure the corporation and its shareholders by forcing the corporation to incur duplicative litigation expenses."); *CytRx*, 2015 WL 12745084, at *5; *Ash v. Alexander*, No. 99 Civ. 3820(JSR), 2000 WL 20704, at *3 (S.D.N.Y. Jan. 12, 2000) ("[B]oth actions are derivative shareholder suits arising out of the same events and involving overlapping claims.  Continuation of both suits . . . risks inconsistent findings with respect to the real party in interest in both actions").  Further, if these cases were to proceed to discovery, plaintiffs in both cases almost certainly would seek to depose each defendant, compelling Oracle's officers and directors to sit for overlapping and duplicative depositions, and taking time away from their duties as officers and directors.  These risks, and the undue burden of litigating substantively identical parallel claims, justify relating cases filed within the same district.  Indeed, "[i]t would be unfair" to require Oracle to litigate "similar lawsuits in two Divisions of the same court at the same time."  *In re Leapfrog Enters., Inc. Sec. Litig.*, No. 03-CV-05421 RMW, 2005 WL 5327775, at *1 (N.D. Cal. July 5, 2005).

**IV.      CONCLUSION**

For the reasons above, Oracle and the Director Defendants respectfully request that the Court enter an order relating the *Sherman* Action to the earlier-filed *Klein* Action pursuant to Local Rule 3-12.

///

///

//

//

/

| | | |
|---|---|---|
| 1 | Dated:  September 11, 2020 | JORDAN ETH |
| | | PHILIP T. BESIROF |
| 2 | | CHRISTIN J. HILL |
| | | MORRISON & FOERSTER LLP |
| 3 | | |

By:  *_/s/ Jordan Eth_*
 JORDAN ETH

*Counsel for Defendants Lawrence J. Ellison, Safra A. Catz, Jeffrey O. Henley, Jeffrey S. Berg, Michael J. Boskin, Bruce R. Chizen, George H. Conrades, Rona A. Fairhead, Renée J. James, Charles (Wick) Moorman IV, Leon E. Panetta, William G. Parrett, Naomi O. Seligman, and Vishal Sikka*

Dated:  September 11, 2020   KAREN G. JOHNSON-MCKEWAN
 WARRINGTON S. PARKER III
 KENNETH P. HERZINGER
 ALEXANDER K. TALARIDES
 ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  *_/s/ Alexander K. Talarides_*
 ALEXANDER K. TALARIDES

*Counsel for Nominal Defendants Oracle Corporation and Oracle America, Inc.*

## ECF ATTESTATION

I, Jordan Eth, am the ECF User whose ID and password are being used to file the foregoing document.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from each of the other Signatories.

Dated:   September 11, 2020   By:  *_/s/ Jordan Eth_*
 JORDAN ETH