1

2

3

4                     UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    R. ANDRE KLEIN, et al.,                    Case No.  20-cv-04439-JSC

8              Plaintiffs,                       Case No.  20-cv-05255-JSC

9         v.
                                                 **ORDER RE DEFENDANTS' MOTION**
10   LAWRENCE J. ELLISON, et al.,                **TO CONSOLIDATE**

11             Defendants.                        Re: Dkt. No. 46

12   ALISON SHERMAN, et al.,

13             Plaintiffs,

14        v.

15   LAWRENCE J. ELLISON, et al.,

16             Defendants.

17        Before the Court is Defendants' motion to consolidate the *Klein* and *Sherman* actions.

18   (Dkt. No. 46.)  Having considered the parties' briefs, the Court concludes that oral argument is

19   unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Defendants' motion to consolidate.

20                                    **BACKGROUND**

21        On July 2, 2020, Mr. Klein filed a derivative action against certain directors and officers of

22   defendants Oracle Corporation and Oracle America, Inc. ("Oracle"), bringing claims for breach of

23   fiduciary duty, aiding and abetting breach of fiduciary duty, abuse of control, unjust enrichment,

24   and violation of section 14(a) of the Security Exchange Act.  (*See* Dkt. No. 1.)[1]  Kathleen

25   Dinsmore, also represented by Mr. Klein's counsel, filed a substantially similar derivative action

26   in this District on July 8, 2020.  On July 21, 2020, Defendants, Mr. Klein and Ms. Dinsmore filed

27   _____

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generate page numbers placed at the top of the documents.

United States District Court
Northern District of California

a stipulation and proposed order consolidating the related *Klein* and *Dinsmore* actions that this Court granted.  (Dkt. Nos. 7 & 8.)  After the Court's order, Mr. Klein and Ms. Dinsmore (the "*Klein* Plaintiffs") filed a consolidated complaint asserting the same claims against Defendants as the originally filed *Klein* complaint.  (Dkt. No. 21.)

On July 30, 2020, Ms. Sherman filed a derivative action that concerned substantially the same parties based on the same factual allegations, chiefly that Director Defendants violated federal securities law and breached their fiduciary duties by falsely representing a commitment to diversity.  In light of the actions' similarities, on August 17, 2020 the *Klein* Plaintiffs filed a motion to relate the *Klein* and *Sherman* actions that this Court granted over Ms. Sherman's opposition.[2]  (Dkt. No. 25.)  On October 16, 2020, Defendants filed the instant motion to consolidate.  The motion is fully briefed.

## I.    Consolidation

When actions before the court "involve a common question of law or fact," it may consolidate the actions. Fed. R. Civ. P. 42(a).  District courts have broad discretion to consolidate cases.  *See Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989).  "In determining whether or not to consolidate cases, [courts] should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice."  *Deinnocentis v. Dropbox, Inc.*, No. 19-CV-06348-BLF, 2020 WL 264408, at *2 (N.D. Cal. Jan. 16, 2020) (internal quotation marks and citation omitted).

Here, consolidation of the *Klein* and *Sherman* actions is appropriate.  As the Court previously determined, the cases concern substantially the same parties and events, and are based on the same factual allegations.  (Dkt. No. 25.)  They present the same legal issues regarding Defendants' violations of federal securities laws and breach of fiduciary duties.  Moreover, the *Klein* Plaintiffs "obtained the agreement of Plaintiff Sherman to consolidation[,]" and the *Klein* Plaintiffs do not oppose consolidation of the actions.  (Dkt. No. 49 at 2.)  *See JBF Interlude 2009*

---

[2] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  (*Klein*, Case No. 20-04439-JSC, Dkt. Nos. 10, 12, 19; *Sherman*, Case. No. 20-05255-JSC, Dkt. Nos. 7, 34, 41.)

United States District Court
Northern District of California

1  *Ltd v. Quibi Holdings LLC*, Case No. 2:20-CV-2299-CAS (SKx), 2020 WL 4339896, at *6 (C.D.

2  Cal. July 28, 2020) (holding that consolidation was appropriate where the defendant did not

3  oppose consolidation); *Kaminske v. JP Morgan Chase Bank N.A.*, No. SACV 09-00918 JVS, 2011

4  WL 521338, at *1 (C.D. Cal. Jan. 3, 2011) (consolidation was appropriate where the plaintiffs

5  "[did] not oppose the motion to consolidate").  For these reasons, consolidation promotes judicial

6  economy with no potential delay or prejudice to the parties.  Accordingly, the Court consolidates

7  the *Klein* and *Sherman* actions.

8  **II.     Consolidated Complaint**

9          The parties dispute whether the filing of a consolidated complaint following this Court's

10  Order forfeits Plaintiffs' ability to later file an amended consolidated complaint pursuant to

11  Federal Rule of Civil Procedure 15(a)(1).  A party may amend its pleading once "as a matter of

12  course" without the opposing party's written consent or the court's leave, so long as the pleading

13  is amended 21 days after its service or, in the case of pleadings "to which a responsive pleading is

14  required," 21 days after service of the responsive pleading or certain enumerated Rule 12 motions,

15  whichever is earlier. Fed. R. Civ. P. 15(a)(1).  Plaintiffs argue that filing a consolidated complaint

16  should not prejudice their ability to later file an amended complaint pursuant to Rule 15(a)(1).

17  Defendants counter that they will not "waive their right" to later argue that the consolidated

18  complaint is an amended pleading under Rule 15(a)(1)—thus precluding Plaintiffs' ability to file

19  an amended complaint without Defendants' consent or leave from this Court—if it includes

20  "substantive amendments" from the currently filed *Klein* complaint.  (Dkt. No. 50 at 3.)

21          The filing of the consolidated complaint should not preclude Plaintiffs' ability to later file

22  an amended complaint as a matter of course pursuant to Rule 15(a)(1).  There is nothing to

23  indicate that the consolidated complaint would contain "substantive" amendments, or do more

24  than Plaintiffs did when consolidating the *Klein* and *Dinsmore* actions by "join[ing] the parties

25  and their claims."  (Dkt. No. 49 at 3.)  If Plaintiffs choose to file an amended consolidated

26  complaint within the timeframe contemplated by Rule 15(a)(1), and Defendants believe there are

27  problems with the amendments that they would move to dismiss, the parties should meet and

28  confer regarding those issues before Defendants move to dismiss to avoid the waste of party or

United States District Court
Northern District of California

1   Court resources.  The Court can discern no benefit to any party by requiring Plaintiffs to move for

2   leave to amend rather than amend as of right under the limited time frame allowed by Rule

3   15(a)(1).

4                                         **CONCLUSION**

5           For the reasons set forth above, the Court consolidates the *Klein* and *Sherman* actions.

6   Plaintiffs shall file their consolidated complaint by December 7, 2020.  The case management

7   conference scheduled for December 3, 2020 is continued to December 17, 2020 at 1:30 p.m., with

8   a joint case management conference statement due one week in advance.  If the parties are able to

9   agree on a briefing schedule and thus wish to continue the case management conference they may

10  submit a stipulation to do so.

11          **IT IS SO ORDERED.**

12  Dated: November 30, 2020

15                                          JACQUELINE SCOTT CORLEY
                                            United States Magistrate Judge

United States District Court
Northern District of California

4