JORDAN ETH (CA 121617)
JEth@mofo.com
PHILIP T. BESIROF (CA 185053)
PBesirof@mofo.com
CHRISTIN J. HILL (CA 247522)
CHill@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
*Attorneys for Defendants Lawrence J. Ellison, Safra A. Catz, Jeffrey O. Henley, Jeffrey S. Berg, Michael J. Boskin, Bruce R. Chizen, George H. Conrades, Rona A. Fairhead, Renée J. James, Charles Moorman IV, Leon E. Panetta, William G. Parrett, Naomi O. Seligman, and Vishal Sikka*

DORIAN DALEY (CA 129049)
Dorian.Dailey@oracle.com
PEGGY E. BRUGGMAN (CA 184176)
Peggy.Bruggman@oracle.com
JAMES C. MAROULIS (CA 208316)
Jim.Maroulis@oracle.com
ORACLE CORPORATION
2300 Oracle Way
Austin, Texas 78741
Telephone: 737.867.1000
*Attorneys for Nominal Defendants Oracle Corporation and Oracle America, Inc.*

KAREN G. JOHNSON-MCKEWAN (CA 121570)
KJohnson-mckewan@orrick.com
ALEXANDER K. TALARIDES (CA 268068)
ATalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone: 415.773.5700
Facsimile: 415.773.5759
*Attorneys for Nominal Defendants Oracle Corporation and Oracle America, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KLEIN, et al., derivatively on behalf of ORACLE CORPORATION and ORACLE AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE J. ELLISON, et al.,<br><br>Defendants. | Lead Case No. 3:20-cv-04439-JSC<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENLARGE TIME FOR FILING AN AMENDED COMPLAINT<br><br>Judge:   Hon. Jacqueline Scott Corley |

# INTRODUCTION

On May 24, 2021, this Court dismissed Plaintiffs' Amended Consolidated Complaint (the "Complaint"), with leave to amend their Section 14(a) federal securities claim within 30 days. Plaintiffs now move to enlarge the time for filing an amended complaint specifically so that they may propound a books and records demand. Plaintiffs' Motion seeks relief that is foreclosed by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u–4 (the "PSLRA"), and settled case law. As judges in this District have repeatedly found, Plaintiffs cannot use a books and records demand to end-run the PSLRA's mandatory discovery stay. *See In re Facebook, Inc. S'holder Deriv. Priv. Litig.*, 411 F. Supp. 3d 649 (N.D. Cal. 2019) ("*Facebook I*"); *Ocegueda v. Zuckerberg*, Case No. 20-cv-04444-LB (N.D. Cal. April 16, 2021) ("*Facebook II*"). Although completely ignored by Plaintiffs, *Facebook II* is directly on-point, and expressly rejected an almost identical motion to enlarge time to file an amended complaint. Here, there is an even stronger basis to deny Plaintiffs' Motion because Plaintiffs already obtained relevant documents from Oracle in response to a prior books and records demand. In fact, Plaintiffs cited those very documents in the Complaint. Yet, two years after the prior production, and six months after filing a Complaint that explicitly relied on the production (and has since been dismissed), Plaintiffs argue, for the first time, that Oracle's production was deficient. Defendants respectfully request that this Court reject Plaintiffs' attempt to circumvent the PSLRA's mandatory discovery stay.

# BACKGROUND

## A. Plaintiffs' Prior Books and Records Inspection Demand

On March 11, 2019, Plaintiff Alison Sherman served a demand to inspect Oracle's books and records pursuant to California Corporations Code § 1601 and Delaware General Corporation Law Code title 8, § 220. The stated purpose of the inspection demand was to investigate alleged "long-standing and extensive patterns of pay discrimination . . . in violation of federal and state antidiscrimination laws" and the issuance of "apparently misleading statements in the Company's 2018 Proxy" related to the alleged discriminatory conduct. (Declaration of Christin J. Hill in Support of Defendants' Opposition to Plaintiffs' Motion to Enlarge Time ("Hill Decl.") ¶ 3, Ex. A.) Oracle produced documents in response to the demand on July 28 and July 31, 2019. (Mot.

at 4; Hill Decl. ¶ 4.)  The production consisted of more than one thousand pages of responsive documents, including minutes from board and committee meetings.  Until the filing of this Motion, neither Plaintiff Sherman nor her counsel raised any concerns regarding any alleged deficiencies in Oracle's production.  (Hill Decl. ¶ 5.)

### B.  This Derivative Action

On July 2, 2020, Plaintiff R. Andre Klein filed a derivative action against all 14 members of Oracle's Board of Directors.  On July 10 and July 30, 2020, Plaintiffs Kathleen Dinsmore and Sherman, respectively, filed their own substantively identical derivative actions.  Plaintiff Sherman's complaint explicitly relied on documents she received from Oracle pursuant to her inspection demand.  (*Sherman v. Ellison*, Case No. 3:20-cv-05255, Compl. ¶¶ 2, 57, 59, 62–63, 66–68, 75, 154.)  This Court subsequently consolidated the three derivative actions (ECF Nos. 8; 54).  At the time of the consolidation, Plaintiff Sherman's counsel secured Oracle's agreement to share the Section 220 production with Plaintiffs Klein and Dinsmore's counsel.  (Hill Decl. ¶¶ 5–6.)  On December 7, 2020, Plaintiffs filed the Complaint, alleging state law claims and a single federal claim under Section 14(a) of the Securities Exchange Act of 1934.  (*Id.*)  In the Complaint, Plaintiffs again relied on the materials produced by Oracle in response to Plaintiff Sherman's inspection demand.  (*See* Compl., p. 1, ¶¶ 11, 127, 135–36.)

On May 24, 2021, this Court dismissed the Complaint on multiple grounds including that the Complaint failed to "sufficiently allege[] demand futility as to [the] § 14(a) claim."  (ECF No. 72 at 13.)  This Court concluded that Plaintiffs failed to plead particularized facts supporting an inference that any of the allegedly false statements were false or misleading, noting that "'[a]spirational' statements that 'emphasize a desire to commit to certain 'shared values'''" are not actionable.  (*Id.* at 12.)  The Court severed and dismissed the remaining state law claims on the ground of *forum non conveniens*, and granted Plaintiffs leave to amend their Section 14(a) claim within 30 days.  (*Id.* at 15.)

### C.  Plaintiffs' Motion to Enlarge Time

On June 14, 2021, Plaintiffs filed an Administrative Motion to Enlarge Time for Filing an Amended Complaint (the "Motion") (ECF No. 74).  The Motion seeks an enlargement of time for

the explicit purpose of enabling Plaintiffs to propound a second inspection demand on Oracle so that they may attempt to meet their pleading requirements. The Motion should be denied.

**ARGUMENT**

Under the PSLRA, in "*any* private action arising under" the federal securities laws, "*all* discovery and other proceedings shall be stayed during the pendency of any motion to dismiss[.]" 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Numerous courts in this District have held that the PSLRA's discovery stay applies in derivative actions alleging violations of the federal securities laws. *See, e,g., Facebook I*, 411 F. Supp. 3d at 651; *In re Asyst Techs., Inc. Deriv. Litig.*, No. C-06-04669 EDL, 2008 WL 916883, at *1 (N.D. Cal. Apr. 3, 2008) ("The discovery stay imposed in all actions arising under [the federal securities laws] applies to shareholder derivative actions as well as securities class actions."); *Melzer v. CNET Networks, Inc.*, No. C 06-03817 WHA, 2006 WL 3716477, at *2 (N.D. Cal. Dec. 15, 2006) ("No decisions have been found where the PSLRA's stay was denied where plaintiffs brought derivative 1934 Act claims, or where the stay was denied solely because claims under the 1934 Act were not brought by a class."). Here, the only claim Plaintiffs can amend is the Section 14(a) claim. And Plaintiffs do not dispute that the PSLRA applies to this claim.

Rather, Plaintiffs argue that Delaware courts have held that an inspection of books and records under Section 220 is "not 'discovery.'" (Mot. at 5.)[1] Plaintiffs' argument misses the point. It is well established that Plaintiffs cannot circumvent the PSLRA's discovery stay by initiating a Section 220 demand after the shareholder files a federal securities claim. *Facebook I*, 411 F. Supp. 3d at 655 (quoting *Beiser v. PMC-Sierra, Inc.*, No. CIV. A. 3893-VCL, 2009 WL 483321, at *3 (Del. Ch. Feb. 26, 2009)).

As the court explained in *Facebook I,* the Delaware Court of Chancery provided a test for

---

[1] Plaintiffs also vaguely assert that they "have statutory inspection rights under . . . California law (where Oracle is headquartered)." (ECF No. 74 at 1.) Plaintiffs do not cite any California authority to support their effort to bypass the PSLRA's discovery stay. In fact, the California Court of Appeals has already rejected the argument that "section 1601 authorizes discovery in an ongoing lawsuit." *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 328 (2010). In any event, Plaintiffs are incorrect. Oracle is headquartered in Austin, Texas. (Hill Decl. ¶ 11.) Plaintiffs acknowledged as much in their opposition to Defendants' motion to dismiss, noting that Oracle was headquartered in California "until recently." (ECF No. 63, at 3.)

when an inspection demand could "circumvent the mandates of the PSLRA" in a related federal securities case.  Specifically, a Section 220 inspection demand should be permitted "'in the face of a PSLRA mandated stay of discovery'" only if: "(1) the plaintiff [i]s not currently involved in the federal action, (2) the plaintiff's counsel [i]s not currently involved in the federal action, and (3) the plaintiff agree[s] to enter a confidentiality agreement preventing him from sharing the information obtained with the plaintiff or counsel in the federal action." *Facebook I*, 411 F. Supp. 3d at 655 (quoting *Beiser*, 2009 WL 483321, at *3).  Having ignored *Facebook I* and *Beiser* entirely, Plaintiffs do not even attempt to satisfy the *Beiser* test, nor can they:  (1) Plaintiffs obviously are involved in this federal action, and there are no longer any state-law claims; (2) Plaintiffs' counsel also is currently involved in this federal action; and (3) Plaintiffs plainly cannot agree not to share the information with themselves and their counsel.  Plaintiffs' Motion is thus "simply an effort to bypass the PSLRA discovery stay," and should be denied.  *Id.*[2]

   Plaintiffs' Motion also ignores another directly on-point decision issued just weeks ago.  On April 16, 2021, the court in *Facebook II* rejected a nearly identical motion to enlarge time brought by a shareholder plaintiff—represented by the same counsel and asserting a similar challenge to a purported lack of board diversity—who sought a delay to facilitate an inspection demand.  In rejecting the request, the *Facebook II* court, like the *Facebook I* court, distinguished *King v. VeriFone Holdings, Inc.*, 12 A.3d 1140 (Del. 2011), and *Oswald v. Humphreys*, No. C 16-00241 CRB, 2016 WL 6582025 (N.D. Cal. Nov. 7, 2016)), two cases on which the Motion relies.  As the court noted in *Facebook I*, the plaintiffs in *King* and *Oswald* "did not allege any federal securities claims, and thus a PSLRA discovery stay did not apply to those actions." *Facebook I*, 411 F. Supp. 3d at 655 (citing *Oswald*, 2016 WL 6582025, at *1; *King*, 12 A.3d at 1142).

   Ignoring both *Facebook* decisions, Plaintiffs instead hang their hat on *Falat v. Saks*—yet

---

[2] *Paul v. China MediaExpress Holdings, Inc.*, which Plaintiffs cite (ECF No. 74 at 5), illustrates precisely what is missing here.  There, the plaintiff seeking to enforce a Section 220 demand was not a party to the relevant federal action, and had "agreed to sign a confidentiality agreement that would restrict him from sharing information with the federal plaintiffs." No. CIV.A. 6570-VCP, 2012 WL 28818, at *9 (Del. Ch. Jan. 5, 2012).  The Court of Chancery held that it was "unlikely that any form of 'discovery' from [the] action [would] reach the federal plaintiffs, inadvertently or otherwise[.]"  *Id.*  The remainder of the cases cited by Plaintiffs (ECF No. 74 at 3–5) are even more attenuated from the facts at issue here, as none of them involves Section 220 demands propounded after the filing or dismissal of a derivative complaint.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENLARGE TIME TO FILE AN AMENDED COMPL.
CASE NO. 3:20-cv-04439-JSC    4

another dismissed shareholder derivative suit asserting similar diversity allegations brought by the same Plaintiffs' counsel. No. 8:20-cv-01782-JVS-KES, ECF No. 53 (C.D. Cal. May 19, 2021). But that case actually supports Defendants' position. In *Falat*, the court denied defendants' motion for reconsideration of an order that dismissed the complaint, but granted the plaintiff leave to amend both his state-law claims and his Section 14(a) claim. *Id*. at 3. *Falat* is thus distinguishable at the outset because that court granted leave to amend *both* state-law claims and a Section 14(a) claim, while Plaintiffs here are permitted to amend only their Section 14(a) claim. Regardless, the issue on the motion for reconsideration was whether the plaintiffs should be granted leave to amend *at all*, not the timing of an amended complaint. In fact, the *Falat* court distinguished *Facebook I* and *Facebook II* on this exact ground, stating that those cases "support[] … disallowing an *extension of time* for which a derivative shareholder plaintiff may file his or her amended complaint[.]" *Id.* at 3 (emphasis in original). That is precisely what is at issue here. Defendants do not challenge Plaintiffs' right to amend. Rather, Defendants oppose Plaintiffs' request for an extension of time to amend, which places the Motion on all fours with *Facebook II*, and not *Falat*.

In addition, this case presents an even ***stronger*** basis to deny an extension than *Facebook II* because Plaintiffs already obtained documents produced in response to a Section 220 demand ***and*** relied on those documents in their Complaint. (*See* Compl. ¶¶ 11, 127, 135–36.) Plaintiffs now argue in a perfunctory footnote that Oracle's production was "extremely limited" and "does not cover the entire relevant period or all of the allegations in the [Complaint]." (ECF No. 74 at 4 n.3.) But these issues should have been raised at the time of Oracle's production in July 2019, not now, in a last-ditch effort to revive a plainly frivolous complaint. Plaintiffs cite to no cases in which a party was granted an extension to file an amended complaint alleging federal securities claims—let alone one in order to propound a ***second*** inspection demand.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion should be denied.

| | | |
|---|---|---|
| 1 | Dated: June 17, 2021 | JORDAN ETH |
| 2 | | PHILIP T. BESIROF |
| | | CHRISTIN J. HILL |
| 3 | | MORRISON & FOERSTER LLP |

By: _____/s/ Jordan Eth_____
             JORDAN ETH

*Attorneys for Director Defendants*

Dated: June 17, 2021

DORIAN DALEY
PEGGY E. BRUGGMAN
JAMES C. MAROULIS
ORACLE CORPORATION

KAREN G. JOHNSON-MCKEWAN
ALEXANDER K. TALARIDES
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____/s/ Alexander K. Talarides_____
             ALEXANDER K. TALARIDES

*Attorneys for Nominal Defendants Oracle Corporation and Oracle America, Inc.*

**ECF ATTESTATION**

I, Jordan Eth, am the ECF User whose ID and password are being used to file the foregoing document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from each of the other Signatories.

Dated: June 17, 2021

                                                    */s/ Jordan Eth*
                                                   JORDAN ETH