UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ANDRE KLEIN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LAWRENCE J. ELLISON, et al.,<br><br>　　　　Defendants. | Case No.  20-cv-04439-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO ENLARGE TIME FOR FILING AN AMENDED COMPLAINT**<br><br>Re: Dkt. No. 74 |

Before the Court is Plaintiffs' administrative motion to enlarge time for filing an amended complaint.[1] (Dkt. No. 74.)[2] On May 24, 2021, the Court dismissed with leave to amend Plaintiffs' claims under Section 14(a) of the Securities Exchange Act and dismissed, without prejudice to reassertion in the Delaware Court of Chancery, Plaintiffs' state law claims. (Dkt. No. 72.) The Court granted Plaintiffs 30 days to file an amended complaint. (*Id.* at 15.) Plaintiffs now wish to propound a shareholder inspection demand, pursuant to 8 Del. Code Ann. § 220, on nominal defendants Oracle Corporation and Oracle America, Inc. (collectively "Oracle") to gain information that will aid in amending their Section 14(a) claims. Plaintiffs ask the Court to defer the amended complaint filing deadline until 30 days following Oracle's production of books and records. Defendants oppose on the basis that the discovery stay in this action forecloses a books and records demand. After carefully considering the parties' briefing, the Court DENIES

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 10, 12, 19.) Plaintiff Sherman filed her consent to magistrate judge jurisdiction in *Sherman v. Ellison et al.*, No. 3:20-cv-05255-JSC (N.D. Cal. filed July 30, 2020), Dkt. No. 7.
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Plaintiffs' motion for the reasons set forth below.

The Private Securities Litigation Reform Act ("PSLRA") provides that, in "any private action arising under" the federal securities laws, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u–4(b)(3)(B). Such a stay applies to shareholder derivative suits bringing federal securities claims, such as this one. *In re Facebook, Inc. S'holder Derivative Priv. Litig.*, 411 F. Supp. 3d 649, 652-53 (N.D. Cal. 2019) ("While the Ninth Circuit has not directly addressed the applicability of the PSLRA automatic discovery stay to derivative actions, courts in this circuit have found that the PSLRA does stay discovery in derivative actions alleging violations of federal securities laws."). The stay lasts until "the court has sustained the legal sufficiency of the complaint." *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909, 913 (9th Cir. 1999).

Plaintiffs' insistence that a Section 220 demand is not discovery and therefore not prohibited by the PSLRA discovery stay is of no moment. First, even if a Section 220 demand is not discovery in this action, staying this action to allow such an inspection contradicts the spirit and purpose of the PSLRA stay. *See id.* at 912 ("Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed.").

Second, and most importantly, a stockholder has the right to inspect a Delaware corporation's books and records pursuant to Section 220 only if the stockholder demonstrates "a proper purpose for making such a demand." *King v. VeriFone Holdings, Inc*., 12 A.3d 1140, 1145 (Del. 2011). Using the Section 220 demand to circumvent the PSLRA stay is not a proper purpose unless the following safeguards are present: "(1) the plaintiff [is] not currently involved in the federal action, (2) the plaintiff's counsel [is] not currently involved in the federal action, and (3) the plaintiff agree[s] to enter a confidentiality agreement preventing him from sharing the information obtained with the plaintiff or counsel in the federal action." *Beiser v. PMC-Sierra, Inc.*, 2009 WL 483321, at *3 (Del. Ch. Feb. 26, 2009). None of these safeguards is met: Plaintiffs and counsel in this action are the same persons who seek to propound the Section 220 demand and they intend to use the information obtained from the inspection in this action—not enter a

2

confidentiality agreement not to do so. *See Facebook*, 411 F. Supp. 3d at 654-56; *cf. Paul v. China MediaExpress Holdings, Inc.*, 2012 WL 28818 (Del. Ch. Jan. 5, 2012) (allowing Section 220 demand to proceed where the plaintiff was not a party to the federal securities suit and it was "unlikely that any form of 'discovery' [would] reach the federal plaintiffs," *id.* at *9). Thus, extending Plaintiffs' deadline to file an amended complaint to allow a Section 220 demand is futile as Plaintiffs' proposed demand is improper under Delaware law and therefore not likely to succeed. The cases that Plaintiffs cite are unhelpful as they do not involve a PSLRA discovery stay and therefore an improper purpose for a Section 220 demand. *See Oswald v. Humphreys*, 2016 WL 6582025, at *3 (N.D. Cal. Nov. 7, 2016); *King*, 12 A.3d 1140. *Falat* is similarly inapposite because it considered whether to grant leave to amend, not whether to defer the amendment deadline. *Falat v. Sacks*, 2021 WL 1558940 (C.D. Cal. Apr. 8, 2021); *Falat v. Sacks*, No. 8:20-cv-01782 (C.D. Cal. May 19, 2021), Dkt. No. 53.

As such, a Section 220 demand is not an appropriate basis to defer the amended complaint deadline. Plaintiffs' administrative motion is DENIED. The amended complaint filing deadline, stayed until this motion was resolved, is **July 6, 2021.**

This Order disposes of Dkt. No. 74.

**IT IS SO ORDERED.**

Dated: June 25, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3